LODGED SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 3 0 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INMATE # 11593-051 | CASE NUMBER: |
| KEITH RUSSELL JUDD, | |
| PLAINTIFF(S) | CV11-5440 UA (AN) |
| v. | |
| SECRETARY OF STATE CALIFORNIA, et al., | **ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE** |
| DEFENDANT(S). | |

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____          _____
Date                                            United States Magistrate Judge

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency
☐ Failure to authorize disbursements from prison trust account to pay filing fee
☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
☐ District Court lacks jurisdiction
☑ Other  See comments

☑ Frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).
☐ Seeks monetary relief from a defendant immune from such relief.
☑ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. 28 U.S.C. § 1915(g); see O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:

The proposed complaint is frivolous because it is duplicative of the prisoner pro se complaints that Plaintiff filed in Judd v. Arkansas Sec. of State, No. CV 11-00447 (E.D. Ark.) and Judd v. Oklahoma State Election Board, No. CV 11-183 (E.D. Ok.), which were found to be frivolous and also subject to dismissal pursuant to the three strikes provision of 28 U.S.C. § 1915(g) for the reasons in the attached orders, which are adopted, incorporated by this reference, and applicable here.

July 8, 2011          _____
Date                          United States Magistrate Judge

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:

☐ **GRANTED**          ☑ **DENIED** (See comments above).

7/8/11          _____
Date                  United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

KEITH RUSSELL JUDD,
REG. #11593-051                                              PLAINTIFF

V.                              4:11CV00447 BRW

ARKANSAS SECRETARY OF STATE;
and the STATE OF ARKANSAS                      DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, Keith Russell Judd, is a prisoner in the Federal Correctional Institution located in Texarkana, Texas. He has filed a *pro se* Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2. For the following reasons, the Application to Proceed *In Forma Pauperis* will be denied and the case dismissed, without prejudice, pursuant to the three strikes provision in 28 U.S.C. § 1915(g).

### I. Discussion

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.

§ 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

Plaintiff is a well established three striker who has filed numerous frivolous lawsuits throughout the United States. *See, e.g., Judd v. University of New Mexico*, 204 F.3d 1041 (10th Cir. 2000); *Judd v. U.S. District Court*, Case No. 98-51155, 1999 WL 274610 (5th Cir. April 16, 1999) (unpublished opinion); *Judd v. Fed. Election Comm'n.*, Case No. 07-41033, 2009 WL 423966 (5th Cir. Feb. 20, 2009) (unpublished decision).   In fact, Plaintiff's vexatious and abusive filing practices have resulted in him being barred from filing any non-criminal, *pro se* matters before the United States Supreme Court. *Judd v. U.S. Dist. Court for the Western Dist. of Texas*, 528 U.S. 5 (1999).

As a "three striker," he still may be allowed to proceed *in forma pauperis* in this case if he falls under the "imminent danger" exception. *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury").   In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.)   Furthermore, the Eighth

-2-

Circuit has been reluctant to apply the imminent danger exception unless the alleged ongoing danger subjects the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint, Plaintiff alleges that the State of Arkansas and the Arkansas Secretary of State have violated his constitutional rights and several federal voting statutes by refusing to place his name on the ballot for the 2012 Presidential primary election. *See* docket entry #2. Clearly, these allegations do not place Plaintiff in imminent danger of serious physical injury. Accordingly, he is not entitled to proceed *in forma pauperis.*

## II. Conclusion

IT IS THEREFORE ORDERED THAT:

1.     Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) is DENIED.

2.      This case is  DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3.      If Plaintiff wishes to continue this case, he must, **within thirty (30) days of the entry of this Order of Dismissal**:  (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a Motion to Reopen the case.  Upon receipt of the Motion and full payment, this case will be reopened.

4.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of June, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

-4-

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KEITH RUSSELL JUDD,
REG. #11593-051                                                         PLAINTIFF

V.                                        4:11CV00447-BRW

ARKANSAS SECRETARY OF STATE;
and the STATE OF ARKANSAS                                    DEFENDANTS

## JUDGMENT

Consistent with the Order of Dismissal that was entered on this day, it is

CONSIDERED, ORDERED, and ADJUDGED that this case is DISMISSED,

WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. §

1915(g).  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in*

*forma pauperis* appeal from this Judgment and the accompanying Order of Dismissal

would not be taken in good faith.

Dated this 9th day of June, 2011.


                                              /s/Billy Roy Wilson
                                              UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Keith Russell Judd, | |
| Plaintiff, | |
| v. | Case No. 11-CIV-183-RAW |
| Oklahoma State Election Board, et al., | |
| Defendants. | |

### ORDER

Before the court are Plaintiff's Complaint [Docket No. 1] and Application for Waiver of Filing Fees and Costs [Docket No. 2]. This lawsuit has been filed by Plaintiff requesting "declaratory judgment and preliminary injunction with regards to placement of Keith Russell Judd, on this State's 2012 Presidential Primary Election Ballot..."

#### Motion to Proceed in Forma Pauperis

In Plaintiff's motion, construed as a Motion to Proceed *in Forma Pauperis*, he states that he is married, with a divorce pending since 1997. He has no income. Additionally, the court takes judicial notice that the Plaintiff is currently an inmate at the Texarkana Federal Bureau of Prisons facility. Plaintiff's motion is filed on a form not consistent with this court's Local Civil Rules, and does not include the required statement of his institutional accounts.

Further, Plaintiff has an extensive history of frivolous filings in the federal court system. A search on the PACER website indicates that Plaintiff filed fifty lawsuits

throughout the United States between May 1, 2011 and June 13, 2011, which are similar (if

not identical) to this matter. The PACER website also reflects a total of 874 cases for

Plaintiff.

The court "has discretion in deciding whether or not to grant a civil litigant permission

to proceed IFP." Brewer v. City of Overland Park Police Dept., 24 Fed.Appx. 977, 979 (10th

Cir. 2002) (citing 28 U.S.C. § 1915(a)).

> General factors that can be considered when deciding whether to grant
> IFP status include: whether the complaint is frivolous or malicious;
> whether the case concerns a prisoner, with special concern placed on
> prisoner complaints; and the nature of the mandatory and discretionary
> demands on the applicant's financial resources.

Id. (citations omitted). This court considers the foregoing factors in deciding whether to

grant Plaintiff's IFP motion. The Tenth Circuit Court of Appeals has also stated that

"proceeding *in forma pauperis* in a civil case is a privilege which is within the court's

discretion to grant or deny." White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998).

Plaintiff has failed to complete a proper motion or supporting affidavit, and has thus not

shown good cause for the requested relief.

Plaintiff's Application for Waiver of Filing Fees and Costs [Docket No. 2] is

DENIED. Plaintiff is ordered to pay the filing fees in this matter within ten (10) days of the

date of this order.

## Complaint

The court construes Plaintiff's allegations liberally as he is <u>pro se</u>. See <u>Haines v.</u>
<u>Kerner</u>, 404 U.S. 519 (1972). Plaintiff filed his Complaint against the Defendants,
requesting that he be placed on this State's 2012 Presidential ballot. Plaintiff's arguments
are "completely lacking in legal merit and patently frivolous." <u>Lonsdale v. United States</u>,
919 F.2d 1440, 1448 (10th Cir. 1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that–
>
>> **(A)** the allegation of poverty is untrue; or
>> **(B)** the action or appeal--
>>
>>> **(I)** is frivolous or malicious;
>>>
>>> **(ii)** fails to state a claim on which relief may be granted; or
>>>
>>> **(iii)** seeks monetary relief against a defendant who is immune
>>> from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact."
Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the
fanciful factual allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A plaintiff is
not required to make out a perfect case in their complaint. Rather, "It suffices for him to
state claims that are rationally related to the existing law and the credible factual allegations."
<u>Lemmons v. Law Firm of Morris and Morris</u>, 39 F.3d 264 (10th Cir. 1994).

3

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." <u>Banks v. Vio Software</u>, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" <u>Id</u>. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." <u>McKinney v. State of Oklahoma</u>, 925 F.2d 363, 364 (10th Cir. 1991).

### Conclusion

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, and that Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.

4

IT IS THEREFORE ORDERED as follows:

1.    Plaintiff's Application for Waiver of Filing Fees and Costs is DENIED.

Plaintiff is ordered to pay the filing fees in this matter within ten (10) days of

the date of this order.

2.    Plaintiff's action is found to be frivolous, and that Plaintiff fails to state a

claim on which relief can be granted.  This matter is dismissed with prejudice.

Dated this 13th day of June, 2011.


**Dated this 13th day of June, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

5

IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

KEITH RUSSELL JUDD, Petitioner,

v.

Secretary of State of California;
STATE OF CALIFORNIA, Respondents.

No.

**CV11 05440 (AN)**

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT
JUL 2 2 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
JUN 30 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## APPLICATION FOR WAIVER OF FILING FEES AND COSTS

Plaintiff, Keith Russell Judd, Pro Se, asks for leave to proceed without prepayment of filing fees and costs, due to inability to pay, under the Equal Protection of the Laws Clause of the 14th Amendment of the U.S. Constitution.

### AFFIDAVIT OF INABILITY TO PAY FEES OR COSTS

| | | | |
|---|---|---|---|
| **EMPLOY-MENT** | Are you now employed? ☐ Yes ☒ No ☐ Am Self-Employed | | |
| | Name and address of employer: NA – Not Applicable | | |
| | IF YES, how much do you earn per month? $ NA | IF NO, give month and year of last employment How much did you earn per month? $ Feb., 1994 | |
| | If married is your Spouse employed? ☒ Yes ☐ No Divorce Pending | | |
| | IF YES, how much does your Spouse earn per month? $ NA | If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ NA | |

| **ASSETS** | **OTHER INCOME** | Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☒ No | | |
|---|---|---|---|---|
| | | IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES | RECEIVED NA $ NA NA | SOURCES None None None |
| | **CASH** | Have you any cash on hand or money in savings or checking accounts? ☐ Yes ☒ No IF YES, state total amount $ NA | | |
| | **PROPERTY** | Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No | VALUE NA NA NA NA | DESCRIPTION None None None None |

| **OBLIGATIONS & DEBTS** | **DEPENDENTS** | MARITAL STATUS ___ SINGLE X MARRIED ___ WIDOWED ___ SEPARATED OR ___ DIVORCED | Total No. of Dependents 1 | List persons you actually support and your relationship to them Divorce Pending since 1997, Not Final |
|---|---|---|---|---|
| | **DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.) | APARTMENT OR HOME: None None None None | Creditors | Total Debt $ NA $ NA $ NA $ NA | Monthly Paymt. $ NA $ NA $ NA $ NA |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) May 31, 2011

Witness My Seal - - - - - - - - - - ➤

Keith Judd

SSN: 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

KEITH RUSSELL JUDD, Petitioner,
P.O. Box 7000, #11593-051
Texarkana, Texas, 75505

IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

KEITH RUSSELL JUDD, Petitioner,

     v.

Secretary of State of California;
STATE OF CALIFORNIA, Respondents.

No._____

**CV11 05440** (AN)

(550)

## COMPLAINT FOR DECLARATORY JUDGMENT AND PRELIMINARY INJUNCTION; ELECTIONS-VOTING

Petitioner, Keith Russell Judd, Pro Se, hereby petitions this Court for
Declaratory Judgment and Preliminary Injunction with regards to placement of
Keith Russell Judd, on this State's 2012 Presidential Primary Election Ballot as
a Democratic Candidate for President of the United States; and to Declare all
State Laws in conflict as unconstitutional under the U.S. Constitution, including
requrements of Democratic Party placement on Ballot;

In addition, Petitioner asks for Declaratory Judgment of all convicted felons'
right to Vote in the Federal Presidential Primary Election under the Constitution
of the United States, the National Voter Registration Act, 42 U.S.C. § 1973gg, et
seq,, the Help America Vote Act, 42 U.S.C. § 15482, et seq., the Voting Rights Act,
42 U.S.C. § 1973, et seq. and the Civil Rights Act, 42 U.S.C. § 1983, and any
other applicable Laws, and for a Preliminary Injunction.

### JURISDICTION OF THIS COURT

This Court has jurisdiction under the Fourteenth Amendment of the United States
Constitution, 42 U.S.C. § 1983, the National Voter Registration Act, 42 U.S.C. §
1973gg-9(b), the Help America Vote Act, 42 U.S.C. § 15482, et seq., the Civil
Rights Act, 42 U.S.C. § 1983, and general Federal Question Jurisdiction.

### FACTS RELEVANT TO RELIEF REQUESTED

1.) Petitioner, Keith Russell Judd, is a declared Democratic Candidate for
President of the United States in all Presidential Primary Elections, and is
registered with the Federal Election Commission, No. C00302919, at, 1-800-424-9530.

2.) Petitioner has repeatedly filed with and petitioned the State and Secretary
of the State and/or Chief Election Officer, for Presidential Primary Election
and/or General Election Ballot Placement since 1994. This State has denied proper
Presidential Ballot Placement in the 2008 Democratic Presidential Primary Election.

3.) Petitioner has requested Ballot placement in the State's 2012, Democratic
Presidential Primary Election, and the State has denied ballot placement in advance.



RECEIVED
CLERK, U.S. DISTRICT COURT

JUN - 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY



LODGED
CLERK, U.S. DISTRICT COURT

JUN 3 0 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

4.) The State has either delegated the Ballot Placement to the State Democratic
Party, or required excessive fees for Ballot Placement, or required excessive
petitions to be signed, or based Ballot Placement upon National Media attention,
or qualifying for Primary Presidential Matching Funds from the Federal Election
Commission. Any or all of these conditions violate the U.S. Constitution. In
addition, this State should not engage in conflict of interest Ballot restrictions
based on litigation. See, Judd v. FCC, FEC, et al., 723 F.Supp.2d 221 (D.D.C. 2010).
5.) In 2008 this State obstructed or denied Presidential Primary Election Ballot
Placement, even after Keith Russell Judd, timely paid filing fees and filed proper
petitions and met all Article II qualifications under U.S. Constitution.
6.) Petitioner has repeatedly filed and petitioned the State Respondents to
register all convicted felons, in and out of prison, to Vote in Federal Elections,
and to sign Ballot Petitions for Presidential Candidate. However, the Respondents
have either failed to provide relief or refused based on State Laws or other
provisions that violate the qualifications to Vote in the U.S. Constitution and
the National Voter Registration Act and Help America Vote Act and Voting Rights Act.
7.) The officers and employees have violated the Hatch Act, 5 U.S.C. § 1501 – § 1508
or 5 U.S.C. § 7321 – § 7326 to obstruct and effect the results of an Election.

RELIEF REQUESTED

1.) Petitioner asks for a Judgment Declaring his rights under the U.S. Constitution
to Ballot Placement in the 2012 Democratic Presidential Primary Election, and to
Declare all State Laws in conflict as unconstitutional under the U.S. Constitution;
2.) Petitioner asks for a Preliminary Injunction to require the Respondents and
all others acting in concert, to place the name of KEITH RUSSELL JUDD, on the
2012 Presidential Primary Election Ballot, or equivalent, as a Democratic Candidate
for President of the United States, without fees or tasks that are impossible;
3.) Petitioner asks for a Judgment Declaring convicted felons' rights to Vote in
all Federal Elections under the U.S. Constitution, and to Declare all State Laws
in conflict as unconstitutional under the U.S. Constitution;
4.) Petitioner asks for a Preliminary Injunction to compel the Respondents and
all others acting in concert, to register all convicted felons, in and out of
prison, to Vote in the 2012 Presidential Primary Election or equivalent, and to
facilitate convicted felons' signing of Ballot Petitions and Voting in the 2012
Presidential Primary Election or equivalent, and pursuant to the National Voters
Registration Act and Help America Vote Act and Voting Rights Act.

2

5.) In addition: Petitioner asks for any other relief appropriate and just.

RESPECTFULLY SUBMITTED,

Date: *May 31, 2011*

*Keith Judd*

KEITH RUSSELL JUDD, Petitioner
P.O. Box 7000, #11593-051
Texarkana, Texas, 75505

## VERIFICATION OF COMPLAINT/PETITIONER

I, Keith Russell Judd, declare under penalty of perjury that the facts stated
   herein are true to the best of my knowledge and belief, and that I have
   investigated and researched and found the issues to be grounded on fact and
   solid Constitutional and Legal Merit.

SUBSCRIBED AND SWORN TO
UNDER PENALTY OF PERJURY,

Witness My Seal - - - - - - - - - - - *Keith Judd*

KEITH RUSSELL JUDD
aka Keith Judd

## PROOF OF FILING AND SERVICE

I declare under penalty of perjury pursuant to <u>Houston v. Lack</u>, 487 U.S. 266 (1988),
that on *May 31, 2011* , I mailed this with First Class U.S. Postage
prepaid and properly addressed to:

1.) U.S. District Court, 312 N. Spring Street, Room G-8, Los Angeles, CA, 90012

By *Keith Judd*

KEITH RUSSELL JUDD

RESPONDENTS:

Secretary of State of California
Elections Division
P.O. Box 944260
Sacramento, California, 94244-2600

3